**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50481 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00672-PA |
| v. | |
| JAVIER OLVERA-YANEZ, a.k.a. Javier Olivera-Yanez, a.k.a. Nelos Olvera, a.k.a. Javier Olvera-Yanes, a.k.a. Nelos Vagos, a.k.a. Javier Yanez-Olvera, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Attorney Nikoo Berenji appeals the district court's imposition of sanctions

for appearing late to a hearing.  We have jurisdiction under 28 U.S.C. § 1291, and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. Appellant. P. 34(a)(2).

we vacate the imposition of sanctions and remand.

Berenji contends the district abused its discretion when it imposed a $100 sanction under its inherent powers without a finding of bad faith. We agree that Berenji's single tardy appearance does not justify a monetary sanction in this case. *See Mendez v. County of San Bernardino*, 540 F.3d 1109, 1130-33 (9th Cir. 2008) (vacating sanction order imposed under district court's inherent powers where the court did not make a bad faith finding before imposing sanctions and the record did not support such a finding); *Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989) ("[C]onduct amounting to recklessness, gross negligence, repeated—although unintentional—flouting of court rules, or willful misconduct" is required before monetary sanctions can be imposed under local rules) (footnotes omitted).

**VACATED and REMANDED.**